**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 23 2007

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

STEPHEN MARSH
_____

_____

_____

(Name of plaintiff or plaintiffs)

v.

CIVIL ACTION NO. _5:07-CV-0120JMM_
(case number to be supplied by the assignment clerk)

CORNELL ALEXANDER YOUTH SERVICES CENTER

CORNELL ABRAXAS - CORNELL COMPANIES

ERIC L. CUNTI - HUMAN RESOURCES DIRECTOR - YOUTH SERVICE DIVISION

MARIANNE G. BONETATI, ESQ. - CORNELL COMPANIES

BOB MCCRACKEN - FACILITY DIRECTOR

TYRONE GREEN - PROGRAM DIRECTOR

KENNETH WRIGHT - TREATMENT SUPERVISOR

This case assigned to District Judge _Moody_ and to Magistrate Judge _Young_

(Name of defendant or defendants)
LEONIA AMBROSINE - ASST. TREATMENT SUPERVISOR

### COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 2000e-5 (g).

2.    Plaintiff, _____STEPHEN MARSH_____, is a
(name of plaintiff)

citizen of the United States and resides at____P.O. Box 717____.
(street address)

_Rison_ , _Cleveland_ , _Arkansas_ . _71665_.
(city)      (county)      (state)      (ZIP)

_(870) 325-6199_ .
(telephone)

3.    Defendant, _CORNELL COMPANIES AND ALL ASSOCIATED_ , lives at, or its
(name of defendant)

business is located at _____1501 WOODY DRIVE_____ , _____ALEXANDER_____ .
                                    (street address)                              (city)

_____SALINE_____ , _____ARKANSAS_____ . _____72002_____ .
      (county)                    (state)                        (ZIP)

4.      Plaintiff sought employment from the defendant or was employed by the

defendant at _____1501 WOODY DRIVE_____ , _____Alexander_____ .
                          (street address)                              (city)

_____SALINE_____ , _____ARKANSAS_____ . _____72002_____ .
      (county)                    (state)                        (ZIP)

5.      Defendant discriminated against plaintiff in the manner indicated in paragraphs 9

and 10 of the complaint on or about _____22_____ _____JUNE_____ _____2006_____ .
                                                        (day)              (month)              (year)

6.      Plaintiff filed charges against the defendant with the Equal Employment

Opportunity Commission charging defendant with the acts of discrimination indicated in

paragraphs 9 and 10 of this complaint on or about _____21_____ _____JUly_____ _____2006_____ .
                                                                       (day)          (month)        (year)

7.      The Equal Employment Opportunity Commission issued a Notice of Right to Sue

which was received by plaintiff on _____02_____ _____MARCH_____ _____2007_____ , a copy of which notice
                                               (day)              (month)              (year)

is attached to this complaint.

8.      Because of plaintiff's (1) _____ race, (2) _____ color, (3) __✓__ sex/AGE

(4) __✓__ religion, (5) _____ national origin, defendant:

          (a) _____ failed to employ plaintiff.

          (b) _____ terminated plaintiff's employment.

          (c) _____ failed to promote plaintiff.

          (d) __✓__ REDUCTION IN WORK Employment Hours & HARASSMENT
                        FORCING PlAINTIFF TO SEEK OTHER employment TO SUPPORT FAMILY.

9.    The circumstances under which the defendant discriminated against plaintiff were

as follows: _See Attached Change of Discrimination charge File # 493-2006-02040_

_See Attached Right to Sue Letter – Dismissal And Notice of Rights_

10.    The acts set forth in paragraph 9 of this complaint:

(a) _____ are still being committed by defendant.

(b) ✓ are no longer being committed by defendant.

(c) _____ may still be being committed by defendant.

11.    Plaintiff attaches to this complaint a copy of the charges filed with the Equal

Employment Opportunity Commission which charges are submitted as a brief statement of the

facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

(a) _____ Defendant be directed to employ plaintiff, and

(b) _____ Defendant be directed to re-employ plaintiff, and

(c) _____ Defendant be directed to promote plaintiff, and

(d) ___✓___ Defendant be directed to _Compensate plantiff justly for_
_unjust practices_

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
SIGNATURE OF PLAINTIFF

## IMPORTANT NOTICE

**RE:   AO 240 and Privacy Policy Redaction Requirements**

The Judicial Conference Privacy Policy regarding remote public electronic access to civil case files requires those filing documents to redact certain personal identifiers from documents before they are filed with the court. Social Security and financial account numbers are to be redacted to the last four digits. The names of minor children are to be redacted to the initials, and dates of birth are to be redacted to the year. (*JCUS-Sep/Oct 01*, p. 49.)

Please be aware that this redaction requirement may impact the way in which the Application to Proceed Without Prepayment of Fees and Affidavit (AO 240) is completed. Question six of this form requests the following information: (1) persons dependant upon the applicant for support, (2) relationship of this person to the applicant, and (3) amount of support. Most often, minor children will be included in responding to this question. In order to comply with the privacy policy, only the initials of the minor should be on the form. Listing the age of the minor is acceptable; however, only the year of birth may be included. Pro se filers are responsible for completing the application in compliance with the privacy policy. The Clerk will not review each filing for redaction.

## DISMISSAL AND NOTICE OF RIGHTS

To: **Stephen Marsh**
   **P. O. Box 717**
   **Rison, AR 71665**

From: **Little Rock Area Office - 493**
   **820 Louisiana**
   **Suite 200**
   **Little Rock, AR 72201**

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Gloria J. Jordan,** | |
| **493-2006-02040** | **Investigator** | **(501) 324-6478** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Wanda C. Milton*

February 28, 2007

Enclosures(s)

**Wanda C. Milton,
Area Office Director**

*(Date Mailed)*

cc:
   **Marianne G. Bonetati, Esq.**
   **CORNELL COMPANIES, INC.**
   **1700 West Loop South, Suite 1500**
   **Houston, TX 77027**
   **Alexander, AR 72002**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana Street, Suite 200
Little Rock, Arkansas 72201

Official Business
Penalty for Private Use $300

71665+0717-17 B007

RECEIVED
FriDay MARCH 2, 2007
U.S. PosTAL SerVice
ReGular MAiL

Stephen Marsh
P. O. Box 717
Rison, AR 71665

$ 00.39⁰
MAILED FROM ZIP CODE 72201
FEB 28 2007
UNITED STATES POSTAGE

# BROWN & M$^C$KISSIC, LLP

EARNEST E. BROWN JR., JD
Email: brown1970@prodigy.net
GENE E. M$^C$KISSIC SR., JD
Email: countrymack@aol.com

OVER 40 YEARS COMBINED LEGAL EXPERIENCE
ATTORNEYS AT LAW
116 W. 6TH AVENUE          ZIP CODE 71601
P.O. BOX 6116          ZIP CODE 71611
**PINE BLUFF, ARKANSAS**
TELEPHONE: 870.534.6332/1.800.323.8910
FAX: 870.534.8481

CARLA WOOLEY, Paralegal
Email: carlawooley@yahoo.com
DORIS KING, Paralegal
Email: dorisdking30@aol.com

April 12, 2007

HARRILL & SUTTER
Attorneys At Law
**Attorney Luther Sutter**
310 Natural Resources Dr.
Little Rock, AR 72202
(501) 224-1050

Re:    Referral

Dear Attorney Sutter:

I have spoken with Rev. Stephen Marsh regarding a Federal lawsuit. Unfortunately, my office does not practice this type of law and I am referring him to you for assistance.

Thank you in advance for your assistance on behalf of Rev. Marsh. If I can be of any assistance to you, please feel free to contact my office.

Sincerely,

Earnest E. Brown, Jr.
Attorney At Law

EEB:cw

c Rev. Stephen Marsh

# HARRILL & SUTTER, P.L.L.C.
## Attorneys at Law
### Post Office Box 26321 ¤ Little Rock, Arkansas 72221
### 310 Natural Resources Drive ¤ Little Rock, Arkansas 72205
### Telephone 501/224-1050 ¤ Facsimile 501/223-9136

**Raymond Harrill, P.A.**
**Luther Oneal Sutter, P.A.**

**Christopher Gomlicker, P.A.**
**Lucien R. Gillham, P.A.**

May 17, 2007

<u>Via hand delivery</u>

Stephen Marsh
P.O. Box 717
Rison, AR 71665

**RE:   Consultation**

Dear Mr. Marsh:

As we discussed on the phone, I am unable to take your case, based on the number of other cases I have as well as oncoming family obligations.  This does not mean the case lacks merit. I cannot advise as to the exact date any statute of limitations applicable to your claims will run out, or what exact claims you may have.  Everything we have discussed will remain private.  If you wish to pursue this matter, you will need to file suit on your own, or find a lawyer to take your case and do it, as quickly as possible.

Attached to this letter is the folder you brought in to me, with all documents you brought.

Sincerely,

Lucien Gillham

enclosure

g:\doc\misc\marsh,stephen051707.doc



**CORNELL**

People Changing People

# Cornell Alexander Youth
# Services Center

# Memo

To: Tyrene Green, Program Director

From: Kenneth Wright, Treatment Supervisor

Date: June, 21 2006

Re: Stephen Marsh (Excessive Absenteeism)

Mr. Marsh is in a full time Life Skill Worker position on Hope. Mr. Marsh has had a continuous pattern of calling off sick. The illnesses have been related to his wife's health as well as his own. Mr. Marsh has provided me with documentation to support the illness; however his excessive absenteeism has caused an adverse impact on the unit. In accordance to Cornell policy (2.3 Attendance Requirements & Scheduling Time Off) excessive absenteeism cannot be tolerated.

The days missed are the following:

February 18, 2006 through February 23, 2006, March 17, 2006 through March 29, 2006, March 17, 2006 through March 23, 2006(some have conflicting dates) April 1, 2006 through April 2, 2006, April 12, 2006 though April 17, 2006 June 16, 2006 through June 21, 2006 and these are just the dates that I have documentation on there has been some dates that I don't have documentation on.

This is a performance issue. At this time I'm placing Mr. Marsh in an on-call position due to the fact he does not qualify for FMLA. When Mr. Marsh is able to fulfill a full time position again one will be offered to him although that position may not be on the House Of Hope.

FRIDAY JUNE 16, 2006

AFTER RETURNING FROM MY DOCTOR'S OFFICE AT APPROXIMATELY
AROUND 4:30 OR 5:00PM, AND WELL IN ADVANCE OF MY SHIFT AT 10:00PM,
AND THE REQUIRED 2 HOUR ADVANCE NOTICE, I CALLED MR. WRIGHT
THE UNIT TREATMENT SUPERVISOR FOR THE HOUSE OF HOPE AT
ALEXANDER YOUTH SERVICES CENTER.  I AM OR WAS EMPLOYED THERE
AS A FULL TIME LIFE SKILL WORKER II ON THE 3RD SHIFT.  I ADVISED MR.
WRIGHT AT THIS TIME THAT I WOULD NOT BE ABLE TO COME IN TO WORK
TONIGHT DUE TO MY BEING SICK.

HE BEGAN SPEAKING IN A VERY LOUD TONE VOICE AND STATED NO!!!
MR. MARSH YOU HAVE TO BE AT WORK TONIGHT, I GOT TO HAVE YOU
THERE, MS. RUSSELL IS OFF TONIGHT AND YOU ARE THE ONLY OTHER
ONE TO BE THERE.  HE STATED, " I HAVE TWO NEW EMPLOYEES COMING
IN TO WORK TONIGHT AND YOU NEED TO BE THERE TO TRAIN THEM".  NO
SIR, MR. MARSH YOU HAVE TO BE THERE.

AGAIN I ADVISED HIM THAT I JUST CAN'T COME IN, I JUST CAME FROM MY
DOCTOR AND I CAN'T GO AGAINST MY DOCTOR'S ADVICE.  HE STATED,
"WELL WHAT'S WRONG WITH YOU THAT YOU CAN'T BE THERE? AND I
ADVISED HIM AGAIN, I AM SICK.  (ACCORDING TO THE HIPPA LAW, AN
EMPLOYEE DOES NOT HAVE TO DIVULGE TO AN EMPLOYER WHAT HIS OR
HER MEDICAL CONDITION IS OR THE NATURE OF THE ILLNESS.)  I THEN
ADVISED HIM, IN FACT, THE DOCTOR HAS REMOVED ME FROM WORK THE
REST OF THIS WEEK AND INTO NEXT WEEK AND IS NOT ALLOWING ME TO
RETURN TO WORK UNTIL NEXT THURSDAY JUNE 22, 2006.

MR. WRIGHT REPLIED, WELL MR. MARSH I HAVE A UNIT TO RUN AND
WHEN YOU GET BACK TO WORK YOU AND I NEED A CONFERENCE, YOU
GONNA HAVE TO SIT DOWN AND MEET WITH ME WHEN YOU COME BACK,
AND I WANT THE DOCUMENTATION FROM THE DOCTOR, AND YOU NEED
TO GET IT TO ME MONDAY MORNING.  _____END_____

*Stephen Marsh*
*June 16, 2006*

JUNE 22, 2006  THURSDAY

ON THE ABOVE DATE AT APPROXIMATELY 4:48PM A PHONE CALL CAME
INTO MY HOME FROM A NUMBER (501) 682-9796. THE CALLER WAS MR.
WRIGHT THE TREATMENT SUPERVISOR FOR THE HOUSE OF HOPE UNIT AT
ALEXANDER YOUTH SERVICES CENTER. HE SPOKE WITH MY WIFE FOR I
HAD GONE TO GAS UP MY VEHICLE FOR I WAS TO RETURN TO WORK
TONIGHT. HE ASKED MY WIFE TO HAVE ME CALL MR. WRIGHT WHEN I
COME IN.

ON THE ABOVE DATE AT APPROXIMATELY 5:05PM I, STEPHEN MARSH
CALLED MR. WRIGHT AT THE NUMBER HE GAVE MY WIFE WHICH WAS
(501) 563-3790 AND UPON CALLING THE NUMBER I GOT HIS VOICE MAIL. I
LEFT A MESSAGE STATING THAT I WAS RETURNING HIS CALL.

ON THE ABOVE DATE AT APPROXIMATELY 5:10PM I, STEPHEN MARSH
CALLED THE HOUSE OF HOPE UNIT PHONE AT (501) 682-9795 AND ASKED
FOR MR. WRIGHT AND WAS TOLD HE WAS NOT ON THE UNIT AND THAT HE
HAD GONE UP TO THE ADMINISTRATION OFFICE. I THEN ASKED FOR MR.
AMERINE WHO IS THE ASSISTANT TREATMENT SUPERVISOR AND ASKED
HIM IF HE KNEW WHAT MR. WRIGHT WANTED, BECAUSE I COULD NOT
REACH HIM ON HIS CELL PHONE. MR. AMERINE STATED, " HE NEEDS TO
TALK TO YOU, HE'S BEEN UP FRONT MEETING WITH MR. GREEN ALL
AFTERNOON AND HE NEEDS TO TALK TO YOU". I TOLD MR. AMERINE
THAT I HAD TRIED HIS CELL PHONE AND CAN'T GET HIM, DO YOU KNOW
WHAT IT'S ABOUT? HE REPLIED, "MR. MARSH YOU JUST NEED TO TALK TO
HIM, HE NEEDS TO TALK TO YOU SO KEEP TRYING TO GET HIM". THEN MR.
AMERINE ADVISED ME SAYING " MR. WRIGHT HAD LEFT HIS CELL PHONE
ON THE UNIT AND THAT MS. GREEN ANOTHER EMPLOYEE IS ON HER WAY
CARRYING IT UP TO HIM AT THE ADMINISTRATION BUILDING AS WE
SPEAK, SO CALL HIM BACK".

AT APPROXIMATELY 5:26PM A PHONE CALL COMES INTO THE HOUSE
FROM (501) 563-3790 REGISTERING MARSHA WRIGHT. MR. WRIGHT IS ON
THE PHONE AND SAYS "HE WANTS TO READ A LETTER TO ME FROM MR.
GREEN. (PLEASE NOTE FROM THE ENCLOSED LETTER THAT THE LETTER
DOES NOT COME FROM MR. GREEN AT ALL, BUT RATHER IT WAS A LETTER
FROM MR. WRIGHT TO MR. GREEN. ALSO, PLEASE NOTE ALL OF THIS
CONVERSATION TAKES PLACE OVER HIS CELL PHONE.

AFTER HE READ THE ENTIRE LETTER, I, STEPHEN MARSH ASKED THE
QUESTION, "SO YOU DECIDED TO FORCE ME INTO AN ON CALL POSITON
WHICH WILL REALLY MESS UP MY BENEFITS AND INCOME AS SICK AS MY
WIFE IS"? I THEN TOLD HIM I NEED MY INSURANCE BENEFITS AS SICK AS

SHE IS. HE THEN STATES, "WELL YOU MIGHT BE ABLE TO KEEP YOUR INSURANCE, I REALLY DON'T KNOW FOR SURE, BUT I THINK YOU MIGHT HAVE TO PAY FOR IT AT A MUCH HIGHER RATE". (PLEASE NOTE: IF YOU'RE CUTTING ME BACK TO ON-CALL RATHER THAN FULL TIME, HOW COULD I POSSIBLY AFFORD A MUCH HIGHER RATE.)

MR. WRIGHT THEN STATED TO ME THAT OFFICIALLY BEGINNING THIS SUNDAY NIGHT (JUNE 25, 2006) YOU WILL BE IN AN ON-CALL POSITION. I ASKED THE QUESTION WELL THEN DO I EVEN NEED TO COME IN TO WORK TONIGHT? HE REPLIED, "YES, YOU ARE ON THE SCHEDULE AND YOU HAVE TO FINISH OUT THE REST OF THE PAY WEEK". AGAIN, MR. WRIGHT STATES, "MR. MARSH, I HAVE A UNIT TO RUN AND I HAVE TO RUN IT THE BEST I CAN, I HAVE TO DO WHAT'S IN THE BEST INTEREST OF MY UNIT AND YOUR ABSENTEEISM IS NOT IN THE BEST INTEREST OF MY UNIT".

I THEN ASKED MR. WRIGHT DID YOU RECEIVE MY DOCTOR'S LETTER AND PTO SLIP I FAXED TO YOU FOR THE LEAVE FOR THE 4 DAYS? HE REPLIED, "YES I DID, BUT I NEED YOU AT WORK MR. MARSH, AND YES YOU WILL GET PAID YOUR PTO DAYS FOR BEING OFF SICK, YOU WILL GET A FULL PAY CHECK THIS NEXT PAY PERIOD".

HE THEN TELLS ME NOW WHAT THIS MEANS MR. MARSH IS YOU WILL BE ON CALL AND THE WAY THAT WORKS NOW (WE GOT A NEW ON-CALL POLICY) ON-CALL NO LONGER TELLS US THE DAYS THEY WANT TO WORK OR MAKE OUT A SCHEDULE AND GIVE IT TO US, WE TELL ON-CALL PEOPLE WHAT DAYS WE WANT THEM TO WORK AND IF THEY CAN'T WORK THE DAYS WE SAY THEN WE DON'T NEED THEM. HE SAYS "DO YOU UNDERSTAND, MR. MARSH"? THEN HE SAYS AGAIN, "I GOT A UNIT TO RUN AND THAT'S JUST IT, YOU HAVE A GOOD DAY MR. MARSH". HE WAS THROUGH SAYING ALL HE WANTED TO SAY AND WAS ABOUT TO HANG UP AND I TOLD HIM TO HOLD ON. I STATED TO HIM I WANT A COPY OF THE LETTER FROM MR. GREEN, CAN YOU FAX IT TO ME? HE REPLIED, "I HAVE ALREADY LEFT THE UNIT I CAN'T FAX IT TO YOU, WELL, THERE IS A COPY IN MY MAIL BOX AND I'LL HAVE MR. AMERINE MAKE A COPY AND GIVE IT TO YOU WHEN YOU COME IN TO WORK TONIGHT.

————————————————————END————————————————————

Stephen Marsh
June 22, 2006

JUNE 22, 2006   THURSDAY NIGHT

ON THE ABOVE DATE AT APPROXIMATLEY 10:05PM UPON MY ARRIVAL TO
WORK ON THE HOUSE OF HOPE UNIT, MR. AMERINE CALLED ME INTO HIS
OFFICE AND SAID "MR. WRIGHT WANTED ME TO GIVE THIS TO YOU WHEN
YOU GOT TO WORK".  AT THIS TIME I RECEIVED A COPY OF THE LETTER
FROM MR. AMERINE AND IT WAS DISCOVERED AT THIS TIME THAT THE
ALLEDGED INFAMOUS LETTER THAT WAS SUPPOSE TO BE FROM MR.
GREEN TO ME, TURNS OUT TO BE A LETTER FROM MR. WRIGHT TO MR.
GREEN ATTEMPTING TO DEFAME ME WITH NEGATIVE, MALICIOUS, AND
INFLAMATORY STATEMENTS, OPENING AN AVENUE FOR HIM TO CARRY
OUT HIS VINDICTIVE ACTS AGAINST ME.

ON THIS NIGHT, I WORKED WITH AN EMPLOYEE WHO HAD BEEN HIRED
FULL TIME BY THE NAME OF KIMMIE JONES.  MR. JONES REFERED TO ME
ON THIS NIGHT WHEN HE MET ME, AS THE GUY WHO DIDN'T COME TO
WORK LAST WEEK WHO WAS SUPPOSE TO TRAIN US.  THIS IS ONE OF THE
GENTLEMEN THAT I AM BEING PUNISHED FOR AND RETALIATED AGAINST
FOR NOT BEING ON THE UNIT TO TRAIN.  THE OTHER GENTLEMAN I WAS
SUPPOSE TO HAVE BEEN PRESENT TO TRAIN IS MR. ANTHONY BURDEN
WHO IS AN ON-CALL WEEK-END PERSON.
_____END_____

Stephen March
June 22, 2006

FRIDAY JULY 7, 2006

IN REF TO: LETTER TO TYRENE GREEN, PROGRAM DIRECTOR
FROM: KENNETH WRIGHT, TREATMENT SUPERVISOR
DATED: JUNE 21, 2006
RE: STEPHEN MARSH (EXCESSISVE ABSENTEEISM)
FORWARDED TO: STEPHEN MARSH ON JUNE 22, 2006

MR. WRIGHT IN HIS LETTER TO MR. GREEN ( IN WHICH HE STATED TO ME
THAT THE LETTER CAME FROM MR. GREEN TO ME), ALLUDES TO THE
DAYS MISSED AS BEING THE FOLLOWING: FEBRUARY 18, 2006 – FEBRUARY
23, 2006, MARCH 17, 2006 – MARCH 29, 2006, MARCH 17, 2006 – MARCH 23,
2006 AND AT THIS POINT MR. WRIGHT STATES THAT (SOME HAVE
CONFLICTING DATES) AND THEN GOES ON WITH APRIL 1, 2006 – APRIL 2,
2006, APRIL 12, 2006 – APRIL 17, 2006 AND JUNE 16, 2006 – JUNE 21, 2006.

I NOW PRESENT THE FOLLOWING THAT THIS WHOLE LETTER WAS A
DISCRIMINATORY, VINDICTIVE, MALICIOUS, DELIBERATE, RETALIATORY,
AND HARASSING ACT ON THE PART OF MR. WRIGHT (WHO IS SUPPOSE TO
BE A PROFESSIONAL) AND HAS NO REAL MERIT OF TRUTH. MR. WRIGHT
CAN NOT SHOW A PATTERN OF ANY SORT, ALTHOUGH I HAVE BEEN OFF
FROM WORK SOME DAYS IN RELATION TO MY WIFE'S SEVERE ILLNESS
AND ILLNESS OF MY OWN. MR. WRIGHT CAN NOT SHOW AN
EXCESSIVENESS OF BEING OFF IN JUST THE FEW DAYS I HAVE BEEN OFF IN
CARING FOR MY WIFE AS WELL AS MY SELF. MR. WRIGHT IS ONE WHO
SURELY OUGHT TO UNDERSTAND THE NECESSITY OF ONE BEING OFF
WHEN NECESSARY WHEN HE HIMSELF WHO IS A UNIT TREATMENT
SUPERVISOR RESPONSIBLE FOR THE WELL BEING OF AN ENTIRE UNIT AND
STAFF TOOK OFF HIMSELF FROM WORK FROM ON OR AROUND ABOUT
DECEMBER 18, 2005 UP UNTIL APPROXIMATELY THE LAST WEEK IN APRIL
2006 BEING APPROXIMATELY 19TO 20 WEEKS WHICH SUMS UP TO ABOUT 4
TO 5 MONTHS FOR HIS WIFE WHO HAD A BABY IN DECEMBER.

PLEASE ALSO NOTE THAT HE HIMSELF ADMITS IN HIS OWN LETTER IN THE
COURSE OF THIS VENDICTIVE ACT THAT THESE ABSENCES ARE
MEDICALLY DOCUMENTED ABSENCES BY HEALTH CARE PROFESSIONALS.

PLEASE NOTE THE FOLLOWING:
FEBRUARY 18, 2006  SATURDAY
FEBRUARY 19, 2006  SUNDAY (REGULAR DAY OFF)
FEBRUARY 20, 2006  MONDAY (REGULAR DAY OFF)
FEBRUARY 21, 2006  TUESDAY
FEBRUARY 22, 2006  WEDNESDAY
FEBRUARY 23, 2006  THURSDAY (I RETURNED TO WORK ON THIS DAY)
(TOTAL 3 DAYS)

MARCH 17, 2006  FRIDAY
MARCH 18, 2006  SATURDAY
MARCH 19, 2006  SUNDAY (REGULAR DAY OFF)
MARCH 20, 2006  MONDAY (REGULAR DAY OFF)
MARCH 21, 2006  TUESDAY
MARCH 22, 2006  WEDNESDAY
MARCH 23, 2006  THURSDAY
MARCH 24, 2006  FRIDAY
MARCH 25, 2006  SATURDAY
MARCH 26, 2006  SUNDAY (REGULAR DAY OFF)
MARCH 27, 2006  MONDAY (REGULAR DAY OFF)
MARCH 28, 2006  TUESDAY
MARCH 29, 2006  WEDNESDAY (I RETURNED TO WORK ON THIS DAY)
(TOTAL 8 DAYS)
PLEASE NOTE: MR. WRIGHT ALLUDES TO HAVING CONFLICTING DATES,
WHICH IS INCORRECT AND A DELIBERATE SHOW OF
UNPROFESSIONALISM. HAD MR. WRIGHT TAKEN THE TIME TO REALLY
LOOK AT MY MEDICAL DOCUMENTATION, HE WOULD HAVE NOTICED IN
THE FIRST DOCTOR'S LETTER THAT THE DOCTOR HAD GIVEN A RETURN
TO WORK DATE OF MARCH 20, 2006 BUT THEN AFTER BEING IN HIS OFFICE
AGAIN AND FURTHER EVALUATION THE DOCTOR THEN PROVIDED
ANOTHER LETTER STATING THE CONTINUATION OF ILLNESS AND A
SECOND RETURN TO WORK DATE OF MARCH 29, 2006 AND SHOWING THE
CONTINUAL CARE FROM MARCH 17, 2006 BUT WITH AN EXTENSION, AND
YET STILL ONLY 8 DAYS WERE USED.

APRIL 1, 2006  SATURDAY
APRIL 2, 2006  SUNDAY (REGULAR DAY OFF)
(TOTAL 1 DAY)

APRIL 12, 2006  WEDNESDAY
APRIL 13, 2006  THURSDAY
APRIL 14, 2006  FRIDAY
APRIL 15, 2006  SATURDAY
APRIL 16, 2006  SUNDAY (REGULAR DAY OFF)
APRIL 17, 2006  MONDAY (REGULAR DAY OFF)
(TOTAL 4 DAYS)

JUNE 16, 2006  FRIDAY  (APPROVED PTO-PAID TIME OFF)
JUNE 17, 2006  SATURDAY (APPROVED PTO-PAID TIME OFF)
JUNE 18, 2006  SUNDAY (REGULAR DAY OFF)
JUNE 19, 2006  MONDAY (REGUALR DAY OFF)
JUNE 20, 2006  TUESDAY (REQUESTED PTO- HE WOULD NOT SUBMIT IT)
JUNE 21, 2006  WEDNESDAY (REQUESTED PTO-HE WOULD NOT SUBMIT)
(TOTAL 2 DAYS)

PLEASE NOTE ALSO THAT IN THE PAPER WORK FOR THESE LAST 4 DAYS WAS THE PTO FORM WITH MY REQUEST FOR SICK TIME TO BE COVERED BY MY ACCUMLATED PTO TIME.  MR. WRIGHT WAS SO VINDICTIVE WITH HIS DEALING WITH ME THAT HE ONLY TURNED IN MY PTO FOR 2 DAYS AS WAS REFLECTED ON THE KRONOS TIME SHEETS BUT REFUSED TO GIVE ME THE PTO TIME FOR THE OTHER 2 DAYS EVEN THOUGH THE TIME WAS AVAILABLE, THEREFORE CAUSING MY PAY WAGES TO BE SUBSTANTIALLY LOWER THAN USUAL CAUSING ADDED STRESS AND STRAIN AND GREAT HARDSHIP TO MY FAMILY AND I IN AN ALREADY HARD AND DIFFICULT TIME.

I HAVE BEEN DISMISSED FROM MY FULL TIME POSITION IN ESSENCE FOR 18 DAYS OF MEDICALLY DOCUMENTED DAYS OFF WORK, AND GIVEN AN ON-CALL POSITION AND REDUCED TO (AT HIS DISCRETION) 2 DAYS OF WORK, 3 DAYS OF WORK, OR WHATEVER HE CHOOSES.  THIS ADVERSE ACTION ON THE PART OF MR. WRIGHT'S VINDICTIVENESS, HARASSMENT, RETAILATION, AS WELL AS DISCRIMINATION HAS CAUSED EVEN A GREATER HARDSHIP UPON MY FAMILY AND EVEN MORE UNDUE STRESS ON MYSELF IN AN ALREADY DIFFICULT TIME FOR ME.

IT HAS A GRAVE APPEARANCE TO ME THAT I AM BEING PUNISHED, VINDICTIVELY MISTREATED, RETAILATED AGAINST, DISCRIMINATED AGAINST, AND HARASSED, MERELY FOR HAVING SICKNESS IN MY FAMILY.  IT FURTHER HAS A GRAVE APPEARANCE THAT WHAT MR. WRIGHT WANTS HE WILL GET EVEN IF IT MEANS FALSIFICATION OF DOCUMENTATION TO TRY TO GET YOU, AS WELL AS BENDING OR TWISTING LAWS AND RULES TO MAKE THEM FIT WHAT YOU ARE TRYING TO DO TO SOMEONE.

*Stephen A. Marsh 7/7/06*

STEPHEN A. MARSH

Illness or Injury  To provide ample time to acquire appropriate coverage, employees are expected to notify their Manager/Supervisor a *minimum of two (2) hours prior to the start of each workday missed.* Managers/Supervisors, at their discretion, may require employees during their absence or upon return to work to verify their illness or injury by written statement from a licensed physician.

No Unpaid Absences  Except for long-term leaves of absence as outlined in Sections 4.5-4.10, or time away to recuperate from a Workers' Compensation injury/illness, *all* absences are to be *paid* by using either old plan banked hours (for those employed prior to January 2002) or PTO, even if it may be necessary to "borrow" PTO hours.

Specifically, employees may not take unpaid days off in the middle of the year which will then result in their maintaining PTO hours to be paid out at the end of the year. To do so would defeat the spirit of rewarding employees for *not* taking an absence during the year which is the purpose of paying out PTO for *non-absent days* at the end of the year.

Any exception to this policy for extraordinary circumstances must be approved by the Site or Unit Head and Regional Human Resources Management in consultation with the Chief Administrative Officer in Houston.

Excessive Absenteeism and/or Tardiness  Cornell recognizes that employees may be absent from time to time. However, because of the adverse impact on Cornell's business and other employees who must share the additional workload, excessive absenteeism cannot be tolerated. Accordingly, an employee with excessive absenteeism and/or tardiness will be subject to corrective action, up to and including termination.

"Excessive absenteeism" may be defined by the Site or Unit Head of each facility, according to the current needs of the facility. Note, however, scheduled time off, approved leave of absence, and/or FMLA leave will not count towards excessive absenteeism.

Voluntary Resignation  An employee may be considered to have voluntarily resigned if absent from work without notice (i.e., no call/no show) for *one full workday,* unless the employee had been previously excused from work on the immediately preceding consecutive day(s), or can validate that he or she was physically unable to get notice to his/her Manager/Supervisor. (In the case of extended illness, the employee must arrange for a leave of absence.) Similarly, an

employee who abandons his or her post (i.e., walks off the job) prior to the end of shift may be considered to have voluntarily resigned.

## 2.4 JOB POSTING

Cornell provides a job posting system which allows current employees an opportunity to change positions or transfer to other departments or locations within Cornell. Notices are posted for full-time positions, except those at the senior executive level, for one week at each Cornell location. You may apply for an unlimited number of these available positions, as long as you meet the minimum qualifications.

To apply for a posted position, an Internal Application must be completed. Internal Applications may be obtained from your Human Resources Site Representative or Regional Human Resources Management.

If the position is in the same location, the application may be processed through the local Human Resources Site Representative. If the position is at a different location, the application must be forwarded to Regional Human Resources Management.

It is not Company practice to accept applications of employees who have been in their current position for less than six months. However, on a case-by-case basis, such an applicant may be approved after receiving the approval of *the applicant's* Manager/Supervisor and Regional Human Resources Management.

Employees who have received a Corrective Action within the prior six months may not apply for other positions without the prior approval of the *hiring* Manager/Supervisor and Regional Human Resources Management.

## 2.5 JOB SHARING

Job sharing is an arrangement under which two employees share the full responsibility of one full-time position.

Job sharing arrangements are a means of retaining productive employees, who, for personal reasons, are unable to or do not wish to work a regular full-time schedule. Either a Manager/Supervisor or an employee may initiate consideration of a job sharing arrangement.

Employees in job sharing arrangements are scheduled to work less than 40 hours per week and are, therefore, classified as regular part-time employees. They may be regularly-scheduled to work in any

Regular Part-Time Regular part-time employees are normally scheduled to work fewer than forty (40) hours per week. There are two types of part-time classifications, depending on the employee's regularly-scheduled number of work hours per week:

1. More than 20 hours per week (eligible for group medical insurance, at full premium); and

2. Less than 20 hours per week (ineligible for group medical insurance).

On-Call On-call employees are defined as those employees who do not have a regular work schedule. They work only as needed and as called in.

Temporary A temporary employee is an employee who is hired an a temporary basis for completion of a specific task, project, or to allow the Company the time necessary to complete the hiring procedure.

## Position Tenure Classifications

Introductory Period The first six months of employment is considered the "introductory period." During this period, the introductory employee is expected to demonstrate his or her skills and abilities along with a willingness to learn and grow into the position and follow the Company's mission, values, and principles as well as program-specific duties and requirements. The Company may, in its sole discretion, elect to terminate the employee during the introductory period without prior corrective action steps.

The Company reserves the right to extend this period whenever it determines such extension appropriate, except that the initial introductory period generally will not exceed one year.

If transferred or promoted to a new position, an employee will experience a six-month introductory-period for that position.

Interim Employees may be placed in positions on an interim basis to fill in for another employee who has left or who is temporarily absent, such as on a leave of absence. Interim positions may be full-time or part-time.

There is no guarantee of placement in the interim position on a regular basis should the original employee assigned to the position fail to return from leave.

## FLSA Status Classifications

Each job title has been carefully reviewed to determine its appropriate FLSA status classification (i.e., exempt vs. non-exempt) to determine employees' eligibility for overtime pay in compliance with federal and state laws. These determinations have been made in strict adherence to the Fair Labor Standards Act (FLSA) regulations.

Exempt: An exempt employee is one whose job has been identified as exempt from the overtime provisions of the FLSA and state laws. Employees in exempt positions are not entitled to overtime pay.

Non-Exempt: A non-exempt employee is one whose job has been identified as not exempt from the overtime provisions of the FLSA and state law. Employees in non-exempt positions are eligible for overtime pay.

## 2.2 WORKWEEK AND WORKING HOURS

Our workweek begins on Sunday and ends on the following Saturday. Your normal work hours may vary depending on your position and work location. Daily and/or weekly schedules are assigned at each location and may be changed from time to time at the discretion of Cornell in order to meet the varying conditions of our business.

## 2.3 ATTENDANCE REQUIREMENTS & SCHEDULING TIME OFF

Employees who are late or absent put an extra burden on their fellow employees and the safety and security of the Company's operations. This is especially true at Cornell because of the nature of our service.

Regular and punctual attendance is an essential condition of employment. Employees are expected to be at their jobs/posts at their scheduled start time and to remain at work through the end of the workday.

Scheduled Time Off Employees are responsible for obtaining approval for scheduled time off in advance. Scheduled time off consists of all time off (other than unforeseen illness or injury) where the employee can anticipate the need for the time off (i.e., vacations, religious or special holidays, birthdays, parent-teacher visits, doctor's appointments, and other personal business).

**MIKE ROSS**

FOURTH DISTRICT OF ARKANSAS

**WASHINGTON**
314 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
1-800-223-2220
(202) 225-3772
(202) 225-1314 FAX

www.house.gov/ross
mike.ross@mail.house.gov



HOUSE COMMITTEE ON
ENERGY AND COMMERCE

SUBCOMMITTEES:
ENERGY AND AIR QUALITY

COMMERCE, TRADE, AND
CONSUMER PROTECTION

DEMOCRATIC STEERING
AND POLICY COMMITTEE

# Congress of the United States
## House of Representatives

CONSTITUENT INQUIRY

DATE: **18 July 2006**

NAME: **STEPHEN A. MARSH**    SOCIAL SECURITY# **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**

ADDRESS: **P.O. Box 717**    VETERAN'S NUMBER **N/A**

CITY/STATE: **Rison, Arkansas**    MILITARY BRANCH: **N/A**

ZIP CODE: **71665**    TELEPHONE: **(870) 325-6199 Home**
**(870) 692-2988 MESSAGE**

ADDITIONAL REMARKS: {briefly describe what you want the Congressman to try to do for you}

**PLEASE SEE ATTACHED TYPED STATEMENT**

Privacy Act of 1974

In accordance with the provisions of the Privacy Act, I authorize the office of Congressman Mike Ross to secure any information required in the solution of my problem.

SIGNED **Stephen A. Marsh**

**Mail completed form to: Congressman Mike Ross**
**Attn: Dr. R.J. Lightsey**
**2300 W. 29th Avenue, Suite 1A**
**Pine Bluff, AR 71603**

Phone: 870-536-3376    Fax: 870-536-4058

**HOT SPRINGS**
300 EXCHANGE STREET
SUITE A
HOT SPRINGS, AR 71901
(501) 520-5892
(501) 520-5873 FAX

**PINE BLUFF**
2300 WEST 29TH, SUITE 1A
PINE BLUFF, AR 71603
(870) 536-3376
(870) 536-4058 FAX

**EL DORADO**
UNION COUNTY COURTHOUSE
SUITE 406
101 NORTH WASHINGTON
EL DORADO, AR 71730
(870) 881-0681
(870) 881-0683 FAX

**PRESCOTT**
221 WEST MAIN STREET
PRESCOTT, AR 71857
(870) 887-5787
(870) 887-6799 FAX

THIS STATIONERY PRINTED ON PAPER MADE WITH RECYCLED FIBERS

JULY 18, 2006

CONGRESS OF THE UNITED STATES
HOUSE OF REPRESENTATIVES
CONGRESSMAN MIKE ROSS, FOURTH DISTRICT OF ARKANSAS
ATTENTION: DR. R.J. LIGHTSEY
2300 WEST 29TH AVENUE, SUITE 1A
PINE BLUFF, ARKANSAS   71603

RE: CONSTITUENT INQUIRY

RE:  ADDITIONAL REMARKS: {BRIEFLY DESCIBE WHAT YOU WANT THE
CONGRESSMAN TO TRY TO DO FOR YOU}

MY REQUEST, PER OUR TELEPHONE CONVERSATION, IS FOR YOUR OFFICE
TO CLOSELY MONITOR THE PROCEEDINGS OF THE LITTLE ROCK AREA
OFFICE OF THE EEOC IN THEIR HANDLING OF MY FORMAL COMPLAINT
AGAINST MY EMPLOYER, AND NOTIFY THEM THAT YOU WILL SHOW AN
INTEREST IN THE PROCEEDINGS INVOLVED.

IN MY CONVERSATION WITH AN INVESTIGATOR IN THE OFFICE (NATASHA
DEGUIRE) SHE ALLUDES TO HER OFFICE BEING INUNDATED WITH MANY
CALLS OF COMPLAINTS AND EVENTUALLY THEY GET TO THEM ALL.  MY
REQUEST IS BECAUSE I DON'T WANT MY FILE TO BECOME JUST ANOTHER
FILE NUMBER, PILED ON SOMEONE'S DESK IN THE EEOC OFFICE WITH NO
ACTION TAKEN, NOR BECOME ANOTHER STATISTIC OF BUREAUCRATIC
RED TAPE IN GOVERNMENT OFFICES BECAUSE EVERYONE IS BOGGED
DOWN.

AS PER OUR CONVERSATION, I ALSO ASKED THAT YOU WOULD REVIEW
MY COMPLAINT LETTER IN AS MUCH AS YOUR OFFICE HAS REVIEWED
EEOC MATTERS IN THE PAST, THEREFORE AS PER YOUR REQUEST, I HAVE
SIGNED THE PRIVACY ACT OF 1974 LETTER FOR YOUR FILES.

I WOULD LIKE TO TRY TO ENSURE THAT THIS TYPE OF MISTREATMENT IN
THE WORK PLACE IS EXPOSED AND NOT JUST PUSHED UNDER THE MULTI-
MILLION DOLLAR BIG BUSINESS AND BIG CORPORATION RED CARPET.

SINCERELY REQUESTING HELP,

Stephen A. Marsh  7/18/06

STEPHEN A. MARSH

*FAX Completed*
*TUESDAY*
*July 18, 2006 @*
*3:02pm*

# FAX TRANSMITTAL FORM
# FROM
# THE DESK AND PEN OF
# STEPHEN MARSH

TO:_FELICIA OF H.R. HOUSTON_____
__C/O SUSAN BALL & MARY ANN
BONETATI

DATE SENT:_ TUESDAY JULY 18, 2006_____
NUMBER OF PAGES INCLUDED IN FAX:
_9_W/COVER SHEET __ W/O COVER SHEET

PHONE#(888) 624-0816___FAX#(713) 335-9284__

FROM:_STEPHEN A. MARSH, LSW II_____

REF:_FORMAL GRIEVANCE COMPLAINT____

PHONE#(870)325-6199

MESSAGE:  I HEREY GO ON RECORD OF
FORMALLY REQUESTING RELIEF FROM ANY
FURTHER MALICIOUS, VINDICTIVE,
DISCRIMINATORY, AND HARASSING
PRACTICES AT THIS FACILITY.

FOURTH DISTRICT OF ARKANSAS

**HOUSE COMMITTEE ON**
**ENERGY AND COMMERCE**

**WASHINGTON**
314 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
1-800-223-2220
(202) 225-3772
(202) 225-1314 FAX

www.house.gov/ross
mike.ross@mail.house.gov



**SUBCOMMITTEES:**
ENERGY AND AIR QUALITY

COMMERCE, TRADE, AND
CONSUMER PROTECTION

**DEMOCRATIC STEERING**
**AND POLICY COMMITTEE**

# Congress of the United States
## House of Representatives

July 19, 2006

Mr. Stephen A. Marsh
PO Box 717
Rison, AR 71665

Dear Stephen:

Thank you for contacting our office to seek assistance in monitoring and expediting the processing your complaint filed with the Equal Employment Opportunity Commission (EEOC). It is always good to hear from constituents in the Fourth Congressional District.

Enclosed is a copy of the letter I have written to Karin Pedrick in the Washington EEOC office. I will contact you when a response has been received in our office. In you have questions in the meantime, call Dr. R. J. Lightsey, my Director of Constituent Services. He can be reached at 870-536-3376.

It is an honor to serve as your Congressman in the U. S. House of Representatives. If I can be of assistance with any other matter of concern to you, please feel free to contact me.

Sincerely,

Mike Ross

MR:rl

Enclosure:

P.S. -- Please visit my website at www.house.gov/ross and sign up for our newsletter.

**HOT SPRINGS**
300 EXCHANGE STREET
SUITE A
HOT SPRINGS, AR 71901
(501) 520-5892
(501) 520-5873 FAX

**PINE BLUFF**
2300 WEST 29TH, SUITE 1A
PINE BLUFF, AR 71603
(870) 536-3376
(870) 536-4058 FAX

**EL DORADO**
UNION COUNTY COURTHOUSE
SUITE 406
101 NORTH WASHINGTON
EL DORADO, AR 71730
(870) 881-0681
(870) 881-0683 FAX

**PRESCOTT**
221 WEST MAIN STREET
PRESCOTT, AR 71857
(870) 887-6787
(870) 887-6799 FAX

THIS STATIONERY PRINTED ON PAPER MADE WITH RECYCLED FIBERS.

**· MIKE ROSS**

FOURTH DISTRICT OF ARKANSAS

**WASHINGTON**

314 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
1-800-223-2220
(202) 225-3772
(202) 225-1314 FAX

www.house.gov/ross
mike.ross@mail.house.gov

**HOUSE COMMITTEE ON
ENERGY AND COMMERCE**

**SUBCOMMITTEES:**
ENERGY AND AIR QUALITY

COMMERCE, TRADE, AND
CONSUMER PROTECTION

**DEMOCRATIC STEERING
AND POLICY COMMITTEE**



# Congress of the United States
## House of Representatives

July 19, 2006

Karin Pedrick
Equal Employment Opportunity Commission
1801 L Street, NW
Room 9024
Washington, DC 20507

Dear Ms. Pedrick:

I am writing to you on behalf of my constituent, Mr. Stephen A. Marsh. He has filed a formal complaint against his employer, the Cornell Alexander Youth Services Center, with the Little Rock office of the Equal Employment Opportunity Commission. Mr. Marsh has asked me to monitor the processing of his case.

Enclosed are copies of his completed Privacy Act Statement and other documentation he has provided. Please keep me apprised of the progress of Mr. Marsh's case. You may direct your correspondence to Dr. R. J. Lightsey, my Director of Constituent Services, at the Pine Bluff District Office listed below. Dr. Lightsey can also be reached at 870-536-3376. Thank you in advance for your time and consideration regarding this request.

I am honored to serve as Congressman in the U. S. House of Representatives for the residents of the Fourth Congressional District of Arkansas. Please feel free to contact me if I can ever be of assistance to you.

Sincerely,

Mike Ross

MR:rl

Enclosure:
Cc: Mr. Stephen A. Marsh

**HOT SPRINGS**

300 EXCHANGE STREET
SUITE A
HOT SPRINGS, AR 71901
(501) 520-5892
(501) 520-5873 FAX

**PINE BLUFF**

2300 WEST 29TH, SUITE 1A
PINE BLUFF, AR 71603
(870) 536-3376
(870) 536-4050 FAX

**EL DORADO**

UNION COUNTY COURTHOUSE
SUITE 406
101 NORTH WASHINGTON
EL DORADO, AR 71730
(870) 881-0681
(870) 881-0683 FAX

**PRESCOTT**

221 WEST MAIN STREET
PRESCOTT, AR 71857
(870) 887-6787
(870) 887-6799 FAX

THIS STATIONERY PRINTED ON PAPER MADE WITH RECYCLED FIBERS

WEDNESDAY JULY 26, 2006
CALLER ID# 23 @1:33PM
FROM (412) 201-4100

ON THIS DATE JULY 26, 2006 AT APPROXIMATELY 1:33PM A CALL CAME IN
AT MY HOME AND THE CALLER STATED HE WAS ERIC CONTI WITH
CORNELL COMPANINES AND THAT HE IS LOCATED IN THE PITTSBURG
OFFICE. HE STATES THAT HE IS THE DIRECTOR OF HUMAN RESOURCES
AND HE IS OVER THE CORNELL COMPANINES IN THIS REGION GOVERNING
THE ARKANSAS AREA.

HE STATES THAT HE HAS BEEN IN TOUCH WITH MARYANN BONETATI OF
THE HOUSTON, TEXAS HOME OFFICE OF CORNELL COMPANINES AND HE
HAS RECEIVED MY FORMAL COMPLAINT AND HE WANTED TO GET IN
TOUCH WITH ME SO I WOULD NOT THINK NOTHING WAS BEING DONE OR
THAT THE MATTER IS BEING OVERLOOKED. I TOLD HIM I UNDERSTOOD
BECAUSE I HAD NOT HEARD ANYTHING FROM ANYONE SINCE THE DAY I
SENT IT IN TO HOUSTON.

HE STATES, "I AM ATTEMPTING TO FIND OUT THE FACTS, DID THEY GIVE
YOU ANY KIND OF WRITTEN WARNINGS BEFORE THIS HAPPENED"? I
RELPLIED NONE AT ALL. I THEN ADVISED MR. CONTI IN FACT I HAD JUST
NOT TO LONG BEFORE RECEIVED MY EMPLOYEE EVALUATION BEFORE
ALL THIS OCCURRED AND I HAVE A SATISFACTORY EVALUATION WITH
NOTHING NEGATIVE IN IT.

MR. CONTI THEN STATES TO ME "I CAN'T SEE THIS HAPPENING IF YOU HAD
NOT RECEIVED ANY PRIOR REPRIMANDS AND NO LETTERS OF
COUNSELING"!!!!!. LET ME GIVE YOU MY DIRECT LINE (412) 201-4129, I'M
GOING TO BE WORKING ON THIS, I'M GOING TO BE OUT OF THE OFFICE A
COUPLE OF DAYS, YOU SHOULD HEAR BACK FROM ME BY TUESDAY NEXT
WEEK (WHICH WOULD BE TUESDAY AUGUST 1, 2006) AND IF YOU DON'T
HEAR FROM ME, YOU CAN FEEL FREE TO CALL MY OFFICE IF YOU WOULD
LIKE.

MR. CONTI THEN ASKED THE QUESTION, "WHY DO YOU THINK THIS IS
BEING DONE TO YOU"? I ASKED THE QUESTION "IS THIS BEING
RECORDED? HE REPLIED NO IT IS NOT AND ARE YOU RECORDING? AND I
REPLIED "NO I AM NOT, BUT I AM TAKING NOTES FOR THE RECORD". I
THEN ADVISED HIM I THINK ONE REASON IS BECAUSE OF MY AGE. HE
ASKED "WHAT IS YOUR AGE"? I REPLIED 47 YEARS OLD. HE SAYS OH,
ALRIGHT I WILL BE LOOKING INTO THIS AND WILL GET BACK WITH YOU
ON THIS.

_____END_____



| CHARGE INFORMATION FORM | EEOC (LITTLE ROCK AREA OFFICE) |
|---|---|

### PRIVACY STATEMENT

This form is covered by the Privacy Act of 1974, Public Law 93-579. Authority for requesting the personal data and the uses thereof are given below. 1. AUTHORITY. 42 U.S.C. §2000e-5(b), 29 U.S.C. §211, 29 U.S.C. §626. 2. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information to enable the Commission to avoid the intake of matters not within its jurisdiction. 3. ROUTINE USES. Information provided on this form will be used by the Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over potential charges, complaints or allegations of employment discrimination and to provide such pre-charge filling counseling as is appropriate. Information provided on this form may be disclosed to other state, local and federal agencies a may be appropriate or necessary to carry out the Commission's functions. This would include employment practices laws. Information may also be disclosed to charging parties in consideration of or in connection with litigation. 4. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON THE INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is mandatory that this form be used to provide the requested information.

**1. STATE YOUR NAME AND ADDRESS:**

STEPHEN A. MARSH

P.O. Box 717

RISON, ARKANSAS 71665

SOCIAL SECURITY NUMBER: 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

DATE OF BIRTH: 12/29/58 ___ RACE: AFRO AMERICAN

SEX: MALE

**YOUR TELEPHONE NUMBERS**

Home: (870) 325-6199
Area Code    Number

Work: (501) 682-9800
Area Code    Number

Internet E-Mail: sm45@tds.net

Cell Phone: _____

Pager Number: _____

**2. PROVIDE INFORMATION ABOUT AN INDIVIDUAL WHO DOES NOT LIVE WITH YOU WHO WOULD BE ABLE TO CONTACT YOU AT ANY TIME.**

NAME: MRS. EUGENE TRICE - DADE ___ RELATIONSHIP: Family Friend

ADDRESS: 2417 WEST 25TH ___ TELEPHONE NUMBER: (870) 535-4396

CITY: PINE BLUFF ___ STATE: ARKANSAS ___ ZIP: 71603

**3. WHAT IS THE MOST CONVENIENT TIME AND PLACE FOR US TO CONTACT YOU ABOUT THIS?**

AT HOME BETWEEN THE HOURS OF 10:00 Am AND 5:00 Pm

AT THE ABOVE LISTED HOME PHONE NUMBER.

**4. RESPONDENT INFORMATION:**

PROVIDE NAME AND ADDRESS OF EMPLOYER INVOLVED:

CORNELL ALEXANDER YOUTH SERVICES CENTER

1501 WOODY DRIVE

ALEXANDER, ARKANSAS 72002

TELEPHONE NUMBER: (501) 682-9800
Area Code    Number

HEAD OFFICIALS NAME AND TITLE

BOB McCRACKEN - FACility DIRECTOR

TYRENE GREEN - PROGRAM DIRECTOR
KENNETH WRIGHT - TREATMENT SUPERVISOR

Approximate Number of Employees: 150 - 200
AT THIS UNIT

Type of business: JUVENILE LOCK-UP TREATMENT/
THOUSANDS-NATION WIDE    FACILITY

**CHARGE INFORMATION FORM (Page 2)**      **EEOC (LITTLE ROCK AREA OFFICE)**

5. To your best recollection on what date(s) did the discrimination take place?

JUNE 22, 2006          VARIES
Date of first occurrence                  Date of most recent occurrence

INDICATE THE EMPLOYMENT PRACTICE INVOLVED: *(Layoff, Discharge, Hiring, Promotions, ETC.)

* DISCHARGE OF FULL TIME POSITION W/ COMPANY BENEFITS – REDUCED/FORCED TO ON CALL DEMOTION / FALSIFIED PERSONNEL ACTION

6. EXPLAIN AS BRIEFLY AND CLEARLY AS POSSIBLE WHAT HAPPENED, WHO DID IT, WHERE IT HAPPENED, ETC. SPECIFY HOW YOU WERE DISCRIMINATED AGAINST.

SEE SEVERAL ATTACHED STATEMENTS

If additional space is needed, use reverse side

7. EXPLAIN WHY YOU BELIEVE THESE EVENTS OCCURRED?

SEVERAL REASONS: DISCRIMINATORY – VINDICTIVE – HARASSMENT – FORCE OUT – SUPERVISOR WANTS YOUNG, AGGRESSIVE ATHLETIC TYPE, BODY BUILDER TYPE MALES WORKING FOR HIM. – SUPERVISOR ABUSE OF AUTHORITY – LOVES TO DISPLAY HE'S LARGE & IN CHARGE – HIS WAY OR NO WAY & YOU CAN HIT THE HIGHWAY – SUPERVISOR DESPISES ONE CALLING IN TO WORK REGARDLESS OF REASON – SUPERVISOR RESENTS ONE BEING VOCAL, OUTSPOKEN OR HAVING AN OPINION – IF NOT LIKE HE SAYS HE RETALIATES – NO LEGITIMATE OR LEGAL REASONS TO TERMINATE SO ATTEMPS TO FORCE –FREEZE OUT.

8. BASIS OF COMPLAINT: WHICH OF THE FOLLOWING BEST DESCRIBES WHY YOU BELIEVE YOU WERE DISCRIMINATED AGAINST?

☐ Race: Specify _____    ☐ Color: Specify _____    ☑ Religion: Specify DENIAL OF REQUESTED DAYS

☐ National Origin: Specify _____    ☑ Sex: MALE    ☑ Age: 47

☑ Disability: MEDICAL CONDITIONS    ☑ Retaliation/Reprisal: VINDICTIVE / HARASSING / FORCE OUT

☑ Other: DISCRIMINATORY IN RELATION TO MEDICAL ILLNESS BASICALLY WOULD PREFER YOU COME IN TO WORK SICK IF NECESSARY TO SATISFY HIS DEMANDS.

MAY 1994

| CHARGE INFORMATION FORM (Page 3) | EEOC (LITTLE ROCK AREA OFFICE) |

9.  DESCRIBE HOW OTHERS OF A DIFFERENT RACE, SEX, AGE, ETC. WERE TREATED DIFFERENTLY THAN YOU.
YOUNGER MORE AGGRESSIVE MALES COMING ON UNIT ARE ASKED WHAT DAYS THEY
WANT TO HAVE OFF FOR THEIR OFF DAYS. SOME GIVEN DAYS THEY WANT TO FIT THEIR ARKANSAS
TWISTEN FOOT BALL SCHEDULES AND THEIR TRAVEL TIMES. SOME GIVEN DAYS TO FIT THEIR SCHOOL
SCHEDULES. MOST FEMALES WORKING FOR HIM (ESPECIALLY, IF HE LIKES THEM) GETS WHATEVER
THEY WANT, WHEN THEY WANT AND CAN BE OFF WORK FOR ANY REASON AT ALL. FEMALES GET TO
SPEND WORK TIME IN HIS OFFICE CLEANING HIS OFFICE, FILING FOR HIM, AND SPEND TIME JUST
SITTING BACK LAUGHING, TALKING, AND HAVING A GOOD TIME WITH HIM.

10. WERE THERE OTHERS WHO WERE TREATED THE SAME UNDER SIMILAR CIRCUMSTANCES:
_____YES       _____NO  (if yes, explain)
              CAN'T PROVIDE AT THIS PRESENT TIME

11. PLEASE LIST BELOW ANY PERSONS (WITNESSES, FELLOW EMPLOYEES, SUPERVISORS, OR OTHERS) WHO MAY
HAVE ADDITIONAL INFORMATION TO SUPPORT OR CLARIFY YOUR COMPLAINT.  EXPLAIN WHAT INFORMATION
EACH CAN PROVIDE.
              CAN'T PROVIDE AT THIS PRESENT TIME

12. WHAT REASON DO YOU THINK THE COMPANY WILL GIVE AS TO WHY YOU WERE TREATED IN THIS MANNER?
     SUPERVISORS DISCRETION — THE NEEDS OF THE UNIT DUE TO THE
     NATURE OF THE TYPE OF BUSINESS — PROBLEMS HANDLED ON UNIT LEVEL
     NO KNOWLEDGE OF ANY WRONG DOING   ATTEPT TO SAY WITH IN POLICY

MAY 1994

| CHARGE INFORMATION FORM (Page 4) | EEOC (LITTLE ROCK AREA OFFICE) |

**13. WHAT OTHER INFORMATION DO YOU THINK IS RELEVANT TO THIS CHARGE?**

SEE  SEVERAL  ATTACHED  STATEMENTS

**14. IF THIS MATTER IS RESOLVED TO YOUR SATISFACTION, WHAT REMEDIES DO YOU SEEK?**

UNKNOWN AT THIS TIME — WILL CONSIDER AS PROGRESS IS MADE

**15. HAVE YOU SOUGHT ASSISTANCE ABOU THE ACTION YOU THINK WAS DISCRIMINATORY FROM ANY GOVERNMENT AGENCY, FROM YOUR UNION, AN ATTORNEY, OR FROM ANY OTHER SOURCE?**
_____ NO   ✓ YES (if yes, complete below)

NAME OF SOURCE OF ASSISTANCE US 4TH District Congressman MiKE Ross   DATE 13 JUly 2006

~~RESULTS, IF ANY~~ YES  CORNELL HOUSTON Home OFFICE HR PERSONNEL
SUSAN BALL, MARY ANN BONETATI, & FELICIA CHANEY  18 JULy 2006
YES  PERSONAL LEGAL COUNSEL  SAYS EEOC NEED TO REVIEW FIRST

**16. HAVE YOU FILED AN EEOC CHARGE IN THE PAST?** ____✓ NO   _____ YES (if yes, complete below)

APPROXIMATE DATE FILED: _____   ORGANIZATION CHARGED: _____

RESULTS: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

**SIGNATURE** _Stephen A. Marsh_   **DATE** 19 JUly 2006
MAY 1994

# House of Hope (12)
## Week of 7/16 Through 7/22

| Name/Shift | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| 6-2 (4) | 7/16 | 7/17 | 7/18 | 7/19 | 7/20 | 7/21 | 7/22 |
| Wright, K. (TS) | 11-7 | 8-6 | 8-4 | 8-4 | 8-4 | 8-4 | OFF |
| Tachicka Lee | 6-2 | 6-2/2-10 | 6-2 | OFF | 2-10 | OFF | OFF |
| Jackson, Greg | OFF | OFF | 6-2 | 6-2 | 6-2 | 6-2 | 6-2 |
| Renard McCoy | 6-2 | 6-2 | 2-10 | 6-2 | 6-2 | OFF | OFF |
| | Jones | Abraham | | | | Abraham | Burden |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| TOTALS | 3 | 3 | 3 | 2 | 3 | 3 | 2 |
| | | | | | | | |
| 2-10 (5) | | | | | | | |
| Amerine, Lenion (ATS) | OFF | OFF | 3-11 | 3-11 | 3-11 | 3-11 | 2-10 |
| Wesley Thibeaux | 2-10 | 6-2 | OFF | 6-2 | 6-2 | 2-10 | OFF |
| Jonathan Thomas | 2-10 | 2-10 | OFF | OFF | 2-10 | 2-10 | 2-10 |
| Vacancy | | | | | | | |
| Deon Acklin(CM) | 1-9 | 2-10 | 12-8 | 2-10 | 12-8 | OFF | OFF |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
| | | | | | | | Jones |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| 10-6 (3) | | | | | | | |
| Russell, Tina | 10-6 | 10-6 | 10-6 | 10-6 | OFF | OFF | 10-6 |
| Louis lee | 10-6 | OFF | OFF | 10-6 | 10-6 | 10-6 | 10-6 |
| Kimani Jones | 10-8 | 2-10 | OFF | OFF | 10-6 | 10-6 | 10-6 |
| | | | Johnson | Marsh | | Burden | |
| | | Henry | Marsh | | Henry | | |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
| | | Johnson | | | | | |

- Vol = volunteer overtime due to vacancies or call-offs
- SL. = Shift leader
- Oc = on-call employee
- Off days are subject to change to meet the needs of the facility
- Schedule is subject to change. All changes must be approved in advance by **Kenneth C. Wright**



2 DAYS

# House of Hope (12)
## Week of 7/23 Through 7/29

| Name/Shift | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| 6-2 (4) | 7/23 | 7/24 | 7/25 | 7/26 | 7/27 | 7/28 | 7/29 |
| Wright, K. (TS) | OFF | 8-8 | 8-4 | 7-3 | 8-4 | 7-3 | OFF |
| Tachicka Lee | 6-2 | 6-2 | 6-2 | 2-10 | 2-10 | OFF | OFF |
| Jackson, Greg | OFF | OFF | 6-2 | 6-2 | 6-2 | 6-2 | 6-2 |
| Renard McCoy | 6-2 | 6-2 | 2-10 | 6-2 | 6-2 | OFF | OFF |
|  | Jones | Abraham |  | Abraham JM | Abraham JM | Abraham | Burden |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 2 | 2 |
|  |  |  |  |  |  |  |  |
| 2-10 (5) |  |  |  |  |  |  |  |
| Amerine, Lenion (ATS) | OFF | OFF | 3-11 | 3-11 | 3-11 | 3-11 | 2-10 |
| Wesley Thibeaux | 2-10 | 2-10 | 6-2 | OFF | 6-2 | 2-10 | OFF |
| Jonathan Thomas | 2-10 | 2-10 | OFF | OFF | 2-10 | 2-10 | 2-10 |
| Vacancy |  |  |  |  |  |  |  |
| Deon Acklin (CM) | 2-10 | 2-10 | 2-10 | 11-7 | 10-6 | OFF | OFF |
|  |  |  |  |  |  |  | Jones |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| 10-6 (3) |  |  |  |  |  |  |  |
| Russell, Tina | 10-6 | 10-6 | 10-6 | 10-6 | OFF | OFF | 10-6 |
| Louis Lee | 10-6 | 10-6 | OFF | 10-6 | 10-6 | OFF | 10-6 |
| Kimani Jones | 10-6 | 10-6 | 10-6 | 2-10 | OFF | 10-6 | OFF |
|  |  |  | Henry | Johnson | Henry | Burden | Marsh |
|  |  |  |  |  | Johnson | Marsh |  |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
|  |  |  |  |  |  |  |  |

- Vol = volunteer overtime due to vacancies or call-offs
- SL. = Shift leader
- Oc = on-call employee
- Off days are subject to change to meet the needs of the facility
  Schedule is subject to change. All changes must be approved in advance by
  **Kenneth C. Wright**



2 DAYS

## House of Hope (12)
## Week of 7/30 Through 8/5

| Name/Shift | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| 6-2 (4) | 7/30 | 7/31 | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 |
| Wright, K. (TS) | 11-7 | 8-6 | 8-4 | 8-4 | 8-4 | 8-4 | OFF |
| Tachicka Lee | 6-2 | 6-2 | 6-2 | 2-10 | 2-10 | OFF | OFF |
| Jackson, Greg | OFF | OFF | 6-2 | 6-2 | 6-2 | 6-2 | 6-2 |
| Renard McCoy | 6-2 | 6-2 | 2-10 | 6-2 | 6-2 | OFF | OFF |
| | Jones | Abraham JM | | Abraham JM | Abraham JM | Abraham | Burden |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| TOTALS | 3 | 3 | 3 | 2 | 3 | 3 | 2 |
| | | | | | | | |
| 2-10 (5) | | | | | | | |
| Amerine, Lenion (ATS) | OFF | OFF | 3-11 | 3-11 | 3-11 | 3-11 | 2-10 |
| Wesley Thibeaux | 2-10 | 6-2 | OFF | 6-2 | 6-2 | 2-10 | OFF |
| Jonathan Thomas | 2-10 | 2-10 | OFF | OFF | 2-10 | 2-10 | 2-10 |
| Vacancy | | | | | | | |
| Deon Acklin(CM) | 1-9 | 2-10 | 12-8 | 2-10 | 12-8 | OFF | OFF |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
| | | | | | | | Jones |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| 10-6 (3) | | | | | | | |
| Russell, Tina | 10-6 | 10-6 | 10-6 | 10-6 | OFF | OFF | 10-6 |
| Louis lee | 10-6 | OFF | OFF | 10-6 | 10-6 | 10-6 | 10-6 |
| Kimani Jones | 10-6 | 2-10 | 10-6 | 10-6 | 10-6 | OFF | OFF |
| | | Johnson | Johnson | | | Burden | |
| | | Henry | | | | | |
| TOTALS | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
| | | | | | | | |

- Vol = volunteer overtime due to vacancies or call-offs
- SL. = Shift leader
- Oc = on-call employee
- Off days are subject to change to meet the needs of the facility
- Schedule is subject to change. All changes must be approved in advance by **Kenneth C. Wright**

NO DAYS AT ALL
FULL WEEK WITH NO WORK

FRIDAY JULY 28, 2006

ON THE ABOVE DATE AT APPROXIMATELY 10:29PM, MR. AMERINE THE
ASSISTANT TREATMENT SUPERVISOR ON THE HOUSE OF HOPE UNIT,
CALLED ME INTO THE OFFICE AND TOOK ME BACK INTO MR. WRIGHT'S
OFFICE SAYING HE NEEDED TO TALK TO ME. HE STATED, "MR. WRIGHT
HAD TRIED TO CALL YOU ONE DAY THIS WEEK, AND HE COULD NOT
REACH YOU, AND WHAT HE WAS TRYING TO DO WAS FIND OUT WHAT
DAYS YOU WERE AVAILABLE THIS UPCOMING WEEK". HE WANTED ME TO
LET YOU KNOW YOU ARE NOT ON THE SCHEDULE FOR THIS WEEK. (WEEK
DATED 7/30/06 THRU 8/5/06) MR. AMERINE THEN ADVISED ME WHAT HE
HIMSELF WANTED ME TO DO WAS WRITE DOWN ON A PIECE OF PAPER
SHOWING A LIST OF AVAILABLE DAYS FOR THE NEXT MONTH (OF
AUGUST) AND PUT IT ON MR. WRIGHT'S DESK.

AT THIS TIME MR. AMERINE AN I HAD A OPEN DISCUSSION BECAUSE HE
FEELS LIKE HE IS "COLLATERAL DAMAGE", CAUGHT IN THE MIDDLE OF
MR. WRIGHT AND MYSELF. I TOLD HIM, "I'VE KNOWN HIM FOR SEVERAL
YEARS, YOU EVEN RODE WITH ME IN MY VEHICLE TO AND FROM WORK,
YOU KNOW RIGHT FROM WRONG AND YOU KNOW THIS WHICH IS BEING
DONE TO ME IS WRONG". MR. AMERINE STATED TO ME, "WHAT CAN I DO
ABOUT IT, I AM AN ASSISTANT TREATMENT SUPERVISOR, I ANSWER TO
MR. WRIGHT". HE STATES AT THIS TIME, " IF IT WAS ME, I PROBABLY
WOULD HAVE HANDLED IT AND DONE THINGS A LOT DIFFERENTLY, BUT I
CAN'T GET INVOLVED IN THIS, THIS IS A THING BETWEEN MR. WRIGHT
AND YOU". HE STATES, "I CAN'T TELL HIM ANYTHING, I WORK FOR HIM
AND I ANSWER TO HIM". I THEN STATED TO MR. AMERINE, " BUT YOU
KNOW RIGHT FROM WRONG, AND YOU KNOW WHAT HE IS DOING TO ME IS
NOT RIGHT". MR. AMERINE'S REPLY TO ME WAS, " I AM JUST PRAYING
THAT YOU ALL CAN WORK THIS THING OUT". THEN HE TELLS ME THAT
"YOU KNOW I TOLD YOU BEFORE, I HAVE NOTHING TO DO WITH THE
SCHEDULING, THAT IS MR. WRIGHT'S BABY, HIS PET PEA. HE SAYS THAT
IS ALL HE DOES ALL DAY IS WORK ON SCHEDULING AND INTERVIEWING
FOR HIRING NEW PEOPLE, AND ALL I DO IS RUN THE UNIT. HE HANDLES
ADMINISTRATION AND I RUN THE UNIT, SO I DON'T GET INVOLVED IN
WHAT HE DOES ABOUT THE SCHEDULE".

_____ _____END_____ _____



Stephen Mark
7/28/06

FRIDAY JULY 28, 2006

ON THE ABOVE DATE AT APPROXIMATELY 11:25PM, STAFF PERSON
KIMMIE JONES AND MYSELF, STEPHEN MARSH, WERE IN A CONVERSATION
ABOUT THE ARKANSAS TWISTER FOOTBALL TEAM HE PLAYS FOR AND
THEIR STATUS. I ASKED HIM IF THEY HAD MADE THE PLAYOFFS? HE
REPLIED TO ME "YES WE MADE IT, BUT MR. WRIGHT GONE REALLY BE
MAD WITH ME CAUSE WE MADE THE PLAYOFFS". I ASKED HIM, "WHAT DO
YOU MEAN, I KNOW HE'S GONE WANT TICKETS TO THE PLAYOFFS FROM
YOU"?

AT THIS TIME KIMMIE JONES STATED TO ME ON THE ABOVE DATE AND
APPROXIMATE TIME, "MR. WRIGHT TOLD ME HE WAS TIRED OF
MANIPULATING THE SCHEDULE EVERY WEEK SO I CAN BE OFF ON
SATURDAYS FOR MY GAMES". KIMMIE JONES THEN AT THIS TIME STATED
TO ME " I NOTICED YOU WORK ONLY T 2 DAYS PER WEEK ARE YOU
AVAILABLE TO WORK". I THEN REPLIED AND TOLD HIM " I'M AVAILABLE
ALL THE TIME, I WAS FULL TIME 5 DAYS A WEEK, UNTIL MR. WRIGHT
DECIDED OTHERWISE". KIMMIE JONES THEN STATED TO ME, "THAT IT
DOESN'T MAKE ANY SENSE TO ME, IF YOU ARE AVAILABLE, WHY CAN'T
YOU WORK THE DAYS I'M OFF WHEN I NEED TO PLAY FOOTBALL, IT
DOESN'T MAKE SENSE TO ME WHY HE SHOULD BE MAD WITH ME".

_____END_____

Stephen Marsh
7/28/06

## EMPLOYEE INFORMATION

| NAME ( Last, First, Middle Initial )<br>Marsh Stephen | | Hire Date | | SSN<br>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 |
|---|---|---|---|---|
| Site/Unit/Facility | | Job Title<br>LSW | | |
| Type of Review: | Introductory Period/6-month | Annual | Other: | |
| Date of Review | | Date of Prior Review | | |

## AUTHENTICATION

| Name of Manager/Supervisor<br>Kenneth Wright | Title<br>Treatment Supervisor | Signature | Date |
|---|---|---|---|
| Site or Unit Head/Facility Director | Title<br>Program Director | Signature | Date |
| Regional Human Resources Management | | | Date |
| Employee Signature  *I acknowledge I have received this Performance Evaluation*<br>X  Stephen Marsh | | | Date |

## PROFESSIONAL CERTIFICATION AND/OR LICENSURE

List Current Professional Certifications and/or Licensures Held (e.g., CADC, R.N., First Aid, etc.),
*(Attach a copy)*

| | Renewal Date | |
|---|---|---|
| | Renewal Date | |
| | Renewal Date | |
| | Renewal Date | |

Required Training and Education (e.g., CPR, Bloodborne Pathogens, Safe Restraints, etc.)

| | Date | |
|---|---|---|
| | Date | |
| | Date | |
| | Date | |
| | Date | |

## SCORING MEASURES - INSTRUCTIONS AND DEFINITIONS

INSTRUCTIONS: *Accurately* score the employee in each category, according to the following definitions:

N/A: Not applicable to this employee's area of responsibility.

Far Exceeds Expectations: Performance CONSISTENTLY FAR EXCEEDS requirements in ALL major areas of responsibility. Achieves results or makes contributions that are unique. (*Supervisor must explain under "Comments."*)

Exceeds Expectations: Performance CONSISTENTLY EXCEEDS requirements in MOST areas of responsibility. Achieves results or makes contributions ABOVE what is expected.

Meets Expectations: Performance CONSISTENTLY MEETS requirements in ALL areas of responsibility and may occasionally exceed requirements in some areas. This level denotes fully-competent performance.

Partially Meets Expectations: Performance MEETS MANY but NOT ALL job requirements. Employee has performance deficiencies. (*Supervisor must explain under "Comments" and submit a PLAN for IMPROVEMENT.*)

Fails to Meet Expectations: Performance FAILS to MEET MOST job requirements. (*Supervisor must explain under "Comments" and submit a PLAN for IMPROVEMENT with GOAL DATES, indicating that goal attainment must be made evident within the stated period of time or else demotion and/or termination may result.*)

## BEHAVIORAL APPLICATION OF MISSION, VALUES, AND PRINCIPLES

| | N/A | Far Exceeds Expectations | Exceeds Expectations | Meets Expectations | Partially Meets Expectations | Fails to Meet Expectations |
|---|---|---|---|---|---|---|
| **Quality Service** | | | | | | |
| Demonstrates pride in quality of work | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Is consistently productive while at work | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Displays genuine concern for clients/inmates | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Comments: | | | | | | |
| **Employee Value** | | | | | | |
| Demonstrates positive attitude towards others | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Earns the trust of others | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Supports others' ideas and initiatives | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Comments: | | | | | | |
| **Leadership/Role Modeling** | | | | | | |
| Identifies problems and proactive resolutions | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Is approachable; develops/mentors others | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Demonstrates ethics; maintains confidentiality | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Comments: | | | | | | |
| **Partnership/Teamwork/ Communication** | | | | | | |
| Works well with others on job, in community | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Engages others in projects/goals/brainstorming | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Actively listens; keeps others "in the loop" | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Comments: | | | | | | |
| **Reinvesting: To Grow & Improve** | | | | | | |
| Is receptive to new ideas | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Implements/supports appropriate changes | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Represents the Company in a positive light | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Comments: | | | | | | |
| **Safe, Secure, Cost-effective** | | | | | | |
| Adheres to Company policies, procedures | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Shows commitment to safety/security systems | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Is careful with property/materials/expenses | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Comments: | | | | | | |

| NAME ( Last, First, Middle Initial ) | SSN |
|---|---|
| Marsh Stephen | 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 |

## BEHAVIORAL APPLICATION OF MISSION, VALUES, AND PRINCIPLES (Cont'd.)

| | N/A | Far Exceeds Expectations | Exceeds Expectations | Meets Expectations | Partially Meets Expectations | Fails to Meet Expectations |
|---|---|---|---|---|---|---|
| **Accountability, Responsibility, High Expectations** | | | | | | |
| Is consistent in attendance, punctuality | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Displays job knowledge and skill development | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Goes "the extra mile" to get the job done | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| *Comments:* | | | | | | |
| **Dignity & Respect** | | | | | | |
| Is fair and consistent with others | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Listens; respects others' points of view | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| Disagrees without being disagreeable | [ ] | [ ] | [ ] | [x ] | [ ] | [ ] |
| *Comments:* | | | | | | |
| **Management/Supervisory** | | | | | | |
| Manages the budget appropriately | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Works towards goals set by senior mgmt. | [x ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Develops staff and encourages growth | [x ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Acknowledges/credits employees' contributions | [x ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Follows protocol in hiring/discipline/termination | [x ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| *Comments:* | | | | | | |

## KEY JOB FUNCTIONS/COMPETENCY REVIEW

| | N/A | Far Exceeds Expectations | Exceeds Expectations | Meets Expectations | Partially Meets Expectations | Fails to Meet Expectations |
|---|---|---|---|---|---|---|
| **Competency Level** (Insert Key Job Functions below) | | | | | | |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| _____ | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| *Comments:* | | | | | | |

| NAME ( Last, First, Middle Initial )<br>Marsh Stephen | | | SSN | 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 |

## OVERALL RATING

| Far Exceeds<br>Expectations | Exceeds<br>Expectations | Meets<br>Expectations | Partially Meets<br>Expectations | Fails to Meet<br>Expectations |
|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] |

*Overall Comments:*

## GOALS AND OBJECTIVES

INSTRUCTIONS: *After collaborating with the employee regarding his/her desired goals and objectives for the next review period, the supervisor should list the agreed-upon goals and objectives below, including any training and/or other assistance which may be needed to facilitate successful goal attainment.*

GOAL: TO ENHANCE THE SKILLS NEEDED TO BE A MORE EFFECTIVE.

GOAL: TO ADVANCE TO THE NEXT LEVEL TO EXCEEDS EXPECTATIONS.

OBJECTIVE: TO BECOME A BETTER LIFE SKILL WORKER.



**CORNELL**

September 5, 2006

Stephen A. Marsh
P.O. Box 717
Rison, AR 71665

Dear Mr. Marsh:

This letter is in follow-up to our discussion regarding your employment situation at Cornell Alexander Youth Services Center.

I have attempted unsuccessfully to contact you at the number provided (870-325-6199).

Please contact me at your earliest convenience to discuss your situation.

I can be reached at 412/201-4129. Should you get my voice mail, please leave your number and suggest a best time for me to contact you.

Thank you.

Sincerely,

Eric L. Conti
Human Resources Director – Youth Services Division

CC: R. Scoggins
    Personnel File

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement end other information before completing this form.

FEPA ☐

EEOC ☒    **493-2006-02040**

and EEOC

_State or local Agency, if any_

| Name _(indicate Mr., Ms., Mrs.)_ | Home Phone _(Incl. Area Code)_ | Date of Birth |
|---|---|---|
| **Mr. Stephen Marsh** | **(870) 325-6199** | **12-29-1958** |

Street Address                                City, State and ZIP Code

**P. O. Box 717, Rison, AR 71665**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. _(If more than two, list under PARTICULARS below.)_

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| **CORNELL ALEXANDER YOUTH SERVICES CENTER** | **101 - 200** | **(501) 682-9800** |

Street Address                                City, State and ZIP Code

**1501 Woody Drive,  Alexander, AR 72002**

| Name | No. Employees, Members | Phone No. _(Include Area Code)_ |
|---|---|---|
| | | |

Street Address                                City, State and ZIP Code

DISCRIMINATION BASED ON _(Check appropriate box(es).)_

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
**8/05**

RACE ☐   COLOR ☐   SEX ☐   RELIGION ☒   NATIONAL ORIGIN ☐

RETALIATION ☐   AGE ☒   DISABILITY ☐   OTHER _(Specify below.)_ ☐

CONTINUING ACTION ☒

THE PARTICULARS ARE _(If additional paper is needed, attach extra sheet(s)):_

I was hired in December 2005 as a Life Skills Worker II.  I had previously worked for the company from July 2003 to November 2004. In January 2006, my supervisor changed my shift from second shift to third shift.  On or about June 21, 2006, my full-time status was changed to an on-call status.  Since I was changed to on-call status, my scheduled work hours have been significantly reduced.  In addition, for the last several months, I have been continuously harassed by my supervisor about my attendance even though my absences have been covered with available PTO.

My supervisor indicated that my shift was changed because I was not aggressive enough.  My supervisor indicated that my full-time status was changed due to my attendance.

I believe that I have been harassed about my attendance, my full-time status changed and hours scheduled to work reduced, because of my age, 47, in violation of the Age Discrimination in Employment Act of 1967, as amended, and that my shift was changed from second to third shift because of my religion beliefs that I not work on Sundays since I am a minister, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

31 August 06

_Date_          _Charging Party Signature_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_

AUGUST 31, 2006

ATTENTION:  MR. KENNETH COLLINS,
             INTAKE SUPERVISOR, EEOC LITTLE ROCK AREA OFFICE
REF:  CASE NUMBER: 493-2006-02040
RE:  SIGNED COPY OF CHARGE OF DISCRIMINATION W/ AMMENDED
NOTATIONS AND/OR CORRECTIONS

PLEASE NOTE IN MY TELEPHONE INTERVIEW WITH EEOC
REPRESENTATIVE, ,MS. NATASCHA DEGUIRE, I INDIDCATED SOME OF MY
ABSENCES HAVE BEEN COVERED BY AVAILABLE PTO AND THAT I STILL
HAD SOME AVAILABLE PTO THAT WAS NOT USED DUE TO MY IMMEDIATE
SUPERVISOR NOT APPROVING OR SUBMITTING MY PTO REQUEST.  ALSO,
NOTE THAT  IN MY TELEPHONE INTERVIEW, I INDICATED THAT ALL OF MY
TIME OFF WAS COVERED BY MEDICAL DOCUMENTATION BY HEALTH
CARE PROFESSIONALS.


SINCERELY,

STEPHEN MARSH



## U.S. Equal Employment Opportunity Commission
## Little Rock Area Office - 493

820 Louisiana
Suite 200
Little Rock, AR 72201
(501) 324-5060
TTY (501) 324-5481
1-800-669-4000

September 05,

2006

### AGREEMENT TO MEDIATE

EEOC NUMBER: 493-2006-02040

Charging Party: Stephen Marsh
Respondent: CORNELL ALEXANDER YOUTH SERVICES CT

This is an agreement by the parties to participate in a mediation involving Stephen Marsh and CORNELL ALEXANDER YOUTH SERVICES CT in the above referenced charge. The parties understand that mediation is a voluntary process, which may be terminated at any time.

The parties and, if they desire, their representatives and/or attorneys, are invited to attend a mediation session. No one else may attend without the permission of the parties and the consent of the mediator(s).

The mediator(s) will not function as the representative of either party. However, the mediator(s) may assist the parties in crafting a settlement agreement. Each party acknowledges being advised to seek independent legal review prior to signing any settlement agreement.

The Parties acknowledge that they have received a copy of the Mediation Fact Sheet.

The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or either party or the mediator deems the case inappropriate for mediation.

The parties recognize that mediation is a confidential process and agree to abide by the terms of the attached Confidentiality Agreement.

The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator(s) is required to report to EEOC any benefits received. This information is reported only for purposes of providing aggregate data to the EEOC for Mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public.

| | | |
|---|---|---|
| Stephen Marsh 10/11/06 | | 9-14-06 |
| Charging Party _____ Date | Respondent ERIC L. CONTI _____ Date | |

| | | |
|---|---|---|
| Charging Party _____ Date | Respondent _____ Date | |
| Representative | Representative | |



**U.S. Equal Employment Opportunity Commission**
**Little Rock Area Office - 493**

820 Louisiana
Suite 20C
Little Rock, AR 72201
(501) 324-5060
TTY (501) 324-5451
1-800-669-4000

September 05,

2006

## CONFIDENTIALITY AGREEMENT

EEOC NUMBER: 493-2006-02040

1. The parties agree to participate voluntarily in mediation in an effort to resolve the charge(s) filed with the EEOC.

2. The parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding. Confidentiality, however, will not extend to threats of imminent physical harm or incidents of actual violence that occur during the mediation.

3. Any communications between the ADR Coordinator and the mediator(s) and/or the parties are considered dispute resolution communications with a neutral and will be kept confidential.

4. The parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any documents provided by a party in any pending or future administrative or judicial proceeding. The mediator(s) will not voluntarily testify on behalf of a party in any pending or future administrative or judicial proceeding. The parties further agree that the mediator(s) will be held harmless for any claim arising from the mediation process.

5. Mediation sessions will not be tape-recorded or transcribed by the EEOC, the mediator or any of the participants. All information including all notes, records, or documents generated during the course of the mediation shall be destroyed at the conclusion of the session. Parties or their representatives are not prohibited from retaining their own notes. However, EEOC will not maintain any such notes or records as part of its record keeping procedures.

6. If a settlement is reached by all the parties, the agreement shall be reduced to writing and when signed shall be binding upon all parties to the agreement. If the charge(s) is not resolved through mediation, it is understood by the parties that the charge(s) will be transferred to the investigative unit for further processing.

_Stephe- Mauk_       10/11/06
**CHARGING PARTY**       **DATE**

_[signature]_       9-14-06
**RESPONDENT**       **DATE**
EFIC L·CONT)

_____       _____
**CHARGING PARTY**       **DATE**
**REPRESENTATIVE**

_____       _____
**RESPONDENT**       **DATE**
**REPRESENTATIVE**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**LITTLE ROCK AREA OFFICE**

Theodore C. Lamb
Mediator
Tel: (501) 324-5071

820 Louisiana Street, Suite200
Little Rock, Arkansas 72201
TTD: (501) 324-5481
FAX: (501) 324-5077

October 12, 2006

### MEDIATION CONFIRMATION

Charge Number:     493-2006-02040

Charging Party:     Stephen Marsh

Respondent:     Cornell Alexander Youth Serv Cntr

This is to confirm that I have scheduled a mediation session for the date, time and location indicated below:

Date:     Thursday, January 25, 2007

Time:     9:30 a.m.

Location:     Equal Employment Opportunity Commission
Little Rock Area Office
820 Louisiana Street
Little Rock, Arkansas 72201

Please return the Mediation Information Sheet with the information requested within five (5) days of receipt. This information will be shared with all parties attending the mediation session. Parties are reminded that only persons with authority to resolve the charge or their representatives, if any, are permitted to attend the mediation.

Any settlement agreement signed as a result of the mediation process is legally binding on the parties and enforceable by the Commission. All disclosures made during the mediation shall be treated as confidential, except that imminent or actual threats of harm to one's self or others will be reported to the appropriate authorities. If a settlement is reached as a result of the mediation, I am required to report to EEOC any benefits received. As noted in the confidentiality agreement, this information is reported to the EEOC only for the purpose of providing aggregate data for the evaluation of the mediation program.

Mediation Letter
Page Two
October 12, 2006

Please arrive no later than fifteen minutes prior to your scheduled mediation to insure the session will begin on time. Casual attire is appropriate for your comfort since you may be at the conference table for long periods between breaks. There is a limited number of spaces for visitor parking located in the front of the building. PLEASE DO NOT PARK IN THE NUMBER OR RESERVED SPACES. There is additional parking (2 hour parking meters) located behind the building on Center Street and there is a parking lot at the corner of 9th and Center Streets which costs $ .95 for all day parking. Please turn off phones and pagers during the mediation. No weapons (mace spray, pocket knives) are allowed in the EEOC Office.

If you have any questions do not hesitate to call me at (501) 324-5063, or fax me at (501) 324-5077.

Sincerely,

Melissa Prine
Personal Assistant

Enclosures

cc:

Stephen Marsh
P.O. Box 717
Rison, AR 71665

ATTN: Eric Conti, HR Director
Cornell Alexander Youth Serv Cntr
2840 Liberty Avenue, Suite 300
Pittsburgh, PA 15222

EEOC Form 161 (3/98)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Stephen Marsh**<br>**P. O. Box 717**<br>**Rison, AR 71665** | From: | **Little Rock Area Office - 493**<br>**820 Louisiana**<br>**Suite 200**<br>**Little Rock, AR 72201** |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| **493-2006-02040** | **Gloria J. Jordan,**<br>**Investigator** | | **(501) 324-6478** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

*Wanda C. Milton,*
**Wanda C. Milton,**
**Area Office Director**

February 28, 2007

*(Date Mailed)*

cc:

Marianne G. Bonetati, Esq.
CORNELL COMPANIES, INC.
1700 West Loop South, Suite 1500
Houston, TX 77027
Alexander, AR 72002

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana Street, Suite 200
Little Rock, Arkansas 72201

Official Business
Penalty for Private Use $300

7166540717-17 B007



RECEIVED
Friday March 2, 2007
U.S. Postal Service
Regular Mail

Stephen Marsh
P. O. Box 717
Rison, AR 71665

UNITED STATES POSTAGE
$ 00.39°
FEB 28 2007
MAILED FROM ZIP CODE 72201
02 1A
0004601455